Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 51} I concur in the judgment in this case granting the writ of mandamus to compel Cuyahoga Metropolitan Housing Authority (“CMHA”) to provide the requested documents, with personal identifying information redacted. I dissent from the portion of the opinion denying attorney fees to O’Shea & Associates Company, L.P.A., for work performed on its behalf by its principal attorney, Michael J. O’Shea.
*160 O’Shea & Associates Co., L.P.A., and Michael J. O’Shea, for appellee.
Weston Hurd, L.L.P., Shawn W. Maestle, and Hilary S. Taylor, for appellant.
{¶ 52} The majority justifies its denial of an award of attorney fees in part by stating, “O’Shea is not entitled to most of the personal identifying information contained in these records.” Majority opinion at ¶ 45. However, CMHA fought tooth and nail to keep from having to produce the documents at all. They were not arguing for redactions, but for full-scale withholding of the documents O’Shea sought. CMHA was wrong.
{¶ 53} Secondly, the majority states that the firm “introduced no evidence that it either paid or was obligated to pay its own counsel attorney fees.” The majority cites State ex rel. Beacon Journal Publishing Co. v. Akron, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 62. But in Beacon Journal, the newspaper sought attorney fees for its in-house counsel; this court held that the newspaper submitted no proof that it had incurred any attorney fees in addition to its attorney’s regular salary and benefits for the work she performed on the mandamus case. Here, Michael O’Shea is not in-house counsel for his law firm; he is the principal partner at the firm. CMHA makes no argument that he is a salaried employee of the law firm. As an attorney in a law firm, his time is his livelihood, and CMHA wasted a lot of it.
{¶ 54} R.C. 149.43(C)(2)(c) states that a court may reduce attorney fees or not award them at all if it determines both “(i) [t]hat, based on the ordinary application of statutory law and case law as it existed at the time of the conduct * * *, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation [to provide the records]” and “(ii) [t]hat a well-informed public office or person responsible for the requested public records reasonably would believe that the * * * public office * * * responsible for the requested public records * * * would serve the public policy that underlies the authority that is asserted as permitting that conduct.”
{¶ 55} There was no reason to believe that the withholding of the public records in this case was based upon a reasonable interpretation of statutory or case law. Therefore, I would not overturn the decision by the court of appeals to award attorney fees in this case.
O’Donnell, J., concurs in the foregoing opinion.
*161 Steven M. Dettelbach, United States Attorney, Kent Penhalluriek, Assistant United States Attorney, and Daniel J. Lenerz, United States Department of Justice, urging reversal for amicus curiae, United States of America.